UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON HAWKINS,

        Plaintiff,

v.

BOOST MOBILE AND INSURANCE CO, et al.,

        Defendants.

Hon. Robert J. Jonker

Case No. 1:26-cv-00553

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on February 18, 2026.  (ECF No. 1).  The Court permitted Plaintiff to proceed as a pauper (ECF No. 5) and has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it was frivolous, malicious, or failed to state a claim upon which relief could be granted.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed and this action terminated.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556

U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "   *Id*.   As the Court further observed:

> Two working principles underlie our decision in *Twombly*.   First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.   But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id*. at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges that he "did not get an [sic] fair hearing or trial or get to face [his] Defendant" and requests "an open hearing."   (ECF No. 1-1, PageID.6). Plaintiff's claims seem to arise from incidents described in two CATA "Customer Feedback Forms" attached to his complaint.   (ECF No. 1-1, PageID.7-10).   In one form, Plaintiff alleges that, "on Tuesday evening," a male bus driver did not stop at Plaintiff's stop for him to exit although Plaintiff was standing up to grab his bags.   (ECF No. 1-1, PageID.8).   Plaintiff further alleges that, on February 13, 2026, at 3:01 p.m., "the same

male bus driver," did not stop for Plaintiff to get on the bus although he stood at the bus stop signs on Clipper Street.    (*Id.*).    In the other form, Plaintiff alleges that, on February 13, 2026, between 3:30 p.m. and 4:00 p.m., a female bus driver braked so hard that it "threw him" and "twist[ed] [his] back."    (ECF No. 1-1, PageID.8).

Plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted against Defendant CATA Bus Station.    Further, Plaintiff does not identify Defendant Boost Mobile and Insurance Company in any of his claims.    Finally, Plaintiff asserts that his claims arise from both federal question and diversity jurisdiction.    (ECF No. 1, PageID.3).    Plaintiff fails to identify any amount in controversy and the federal laws under which his claims purportedly arise.    (ECF No. 1-1, PageID.6).    Plaintiff also "bears the burden of establishing the parties' citizenships" as the party asserting diversity jurisdiction, and he fails to adequately allege either Defendant's citizenship. *See Hertz Corp. v. Friend*, 559 U.S. 77, 627 (2010).    Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed and this action terminated.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed.    For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.    *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: February 25, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge